**Brian CAVENDER, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 92–213.

Supreme Court of Wyoming.

Oct. 8, 1993.

State Public Defender Program, Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Mary Beth Wolff, Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

On writ of certiorari, appellant Brian Cavender seeks reversal of the trial court's evidentiary hearing ruling that he voluntarily entered his guilty plea with effective assistance of counsel. Appellant asserts the ruling is an abuse of discretion by the trial court.

We affirm.

## ISSUES

Appellant states the issues as:

1) Whether the trial court erred when it ruled that the appellant's plea of guilty to the charge of burglary was made knowingly and voluntarily?

2) Whether appellant was denied effective assistance of counsel?

The state expresses the issue as:

1) Whether appellant was effectively represented by counsel at the time he knowingly, intelligently, and voluntarily entered his guilty plea?

## FACTS

On September 5, 1991, appellant pleaded guilty to a burglary he committed while on parole for another crime. Before accepting appellant's plea, the district court questioned him in detail about his understanding of the plea agreement and his basis for entry of the guilty plea. Appellant admitted to breaking a window of a liquor store to steal liquor. A janitor saw him inside the store; he chased appellant, caught him, and held him until the police arrived.

The court then questioned appellant about his understanding of the plea agreement. Appellant agreed the terms of the agreement were a two to four year sentence in the state penitentiary with credit for time served. He told the court there were no other promises made to him apart from those included in the plea agreement. Satisfied that appellant was properly entering the guilty plea, the court then imposed a two to four year sentence at the state penitentiary for the burglary. There was no mention in the record by appellant, his counsel, or the court as to whether the sentence for the burglary would run concurrently or consecutively to any sentence which would be reinstated by parole revocation.

Upon incarceration, appellant's parole was revoked. The sentences began to run consecutively. Appellant then began to write to his defense attorney protesting the consecutive sentences. These letters stated it was his understanding of the plea agreement that he should receive concurrent sentences and not consecutive sentences.

To obtain clarification from the court, appellant's defense counsel then requested and received a hearing for modification of the sentence. The district court ruled there was no condition in the plea agreement for the burglary sentence to run concurrently with any sentence resulting from parole revocation.

Appellant did not appeal this decision. He later petitioned this court by writ of certiorari for an evidentiary hearing to determine if the plea agreement was complete. The petition was denied for not complying with the required documentation as required by *Leach v. State*, 836 P.2d 336, 340 (Wyo.1992).

A second petition for a writ of certiorari was partially granted and an evidentiary hearing held to determine whether there had been effective assistance of counsel in the proceedings before the district court. After hearing testimony from both appellant and counsel, the district court ruled there was not an agreement for concurrent sentences in this case and there had been effective assistance of counsel. This appeal followed.

## DISCUSSION

■ We restrict our review of a trial court's ruling in an evidentiary hearing to whether there was an abuse of discretion. That ruling will not be disturbed unless there was an abuse of discretion. *Rude v. State*, 851 P.2d 20, 22–23 (Wyo.1993).

■ We define judicial discretion as "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986). *See also, Rude,* 851 P.2d at 23. The ultimate issue is whether or not the court could reasonably conclude as it did. *Id.*

The trial court had to make the initial determination that concurrent sentences were a condition of the plea agreement before addressing the issue of ineffective assistance of counsel. The record indicates the district court heard testimony from appellant and from his defense counsel.

■ We have held that "[i]t is the district court—as the trier of fact—who must assess the credibility of witnesses and the weight to be given their testimony in deciding whether there existed a valid plea agreement and its terms and conditions." *Clouse v. State,* 809 P.2d 791, 794 (Wyo. 1991). This standard also applies in deciding whether a plea agreement condition existed.

■ The standard of review for questions of fact is:

We assume that evidence in favor of the successful party is true, disregarding entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. "So long as there exists substantial evidence supporting the trier of fact's determination, we will not second guess it on appeal."

*Clouse,* 809 P.2d at 794 (quoting *Richardson v. Green,* 644 P.2d 778, 779 (Wyo. 1982)).

■ Assuming the evidence in favor of the prevailing party is true and not considering conflicting testimony, there was sufficient evidence for the district court to find that a concurrent sentence arrangement was not a condition of appellant's agreement to plead guilty.

Defense counsel's testimony sufficiently established that a concurrent sentence arrangement was not a condition of the plea agreement and she had never discussed such a condition with appellant or the prosecution. It was quite clear that the terms were two to four years in the state penitentiary and credit for time served.

When asked if defense counsel had requested the modification hearing because appellant's claim of the promised condition was true, defense counsel denied that this was her reason. She testified she requested the modification hearing to either modify the sentence or clarify the plea agreement. Modification was a possibility since appellant's sentence was silent as to whether his new sentence should run concurrently or consecutively to the now reinstated sentence. She wanted clarification since she did not recall that concurrent sentences were a part of the plea agreement and she had the opportunity to ask the same court and prosecution.

The district court had sufficient evidence to find that the concurrent sentence condition was not a part of the plea agreement. Appellant's claim of ineffective assistance of counsel was based on whether defense counsel had "promised" concurrency as he alleged. The court found that defense counsel had made no such promise. Therefore, she had not been "ineffective."

The district court did not abuse its discretion in ruling that because the plea agreement was complete and voluntarily entered into by appellant there was effective assistance of counsel.

Affirmed.