# IN THE SUPREME COURT, STATE OF WYOMING

# 2016 WY 76

APRIL TERM, A.D. 2016

August 2, 2016

RYAN RUSSELL WEBSTER,

Appellant
(Defendant),

v.                                                        S-15-0252

THE STATE OF WYOMING,

Appellee
(Plaintiff).

### Appeal from the District Court of Hot Springs County
### The Honorable Robert E. Skar, Judge

*Representing Appellant:*

> Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

*Representing Appellee:*

> Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Philip M. Donoho, Assistant Attorney General. Argument by Mr. Donoho.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]   Ryan Webster stole a car in Thermopolis and drove it through Wyoming toward Colorado.  Authorities in Cheyenne were alerted, and a vehicular chase eventually ended across the Wyoming border in Colorado, where Mr. Webster was arrested and jailed. The State of Wyoming filed separate charges arising from the incident in Hot Springs County and Laramie County.  The charges resulted in detainers being filed in Colorado against Mr. Webster.  In accordance with the Interstate Agreement on Detainers, Mr. Webster requested disposition of the charges against him in both counties.  Mr. Webster was transported to Cheyenne to stand trial; however, the State failed to bring Mr. Webster to trial within the 180-day period required by the Interstate Agreement on Detainers, and the Laramie County charge was dismissed with prejudice.  Upon dismissal of the Laramie County charge, Mr. Webster was transported to Hot Springs County to face charges there. Again, however, the State failed to try Mr. Webster within the 180-day window, and the Hot Springs County charge was likewise dismissed with prejudice.

[¶2]   After returning Mr. Webster to Colorado, the State filed another charge against Mr. Webster in Hot Springs County arising from the car theft.  The charge cited the identical statutory provision as the charge against Mr. Webster which had previously been dismissed with prejudice in Laramie County.  Mr. Webster was extradited and stood trial on the second Hot Springs County charge, which resulted in a conviction.  Mr. Webster now appeals his conviction, arguing that he could not be prosecuted in Hot Springs County on a charge that had been dismissed with prejudice.  We reverse and find that the dismissal of the Laramie County charge with prejudice barred the State from charging Mr. Webster with the same crime in Hot Springs County.

*ISSUE*

[¶3]   Mr. Webster raises two issues in his appeal.  However, because his second issue is dispositive of the case, we will address only whether the State was precluded from prosecuting Mr. Webster by the previous dismissal with prejudice of the same charge.

*FACTS*

[¶4]   In the early morning hours of January 25, 2012, Kevin Smith realized that his 2006 Cadillac Escalade had been stolen from in front of his Thermopolis home.  He informed local authorities who advised him to contact On-Star to pinpoint the vehicle's location.  On-Star located the vehicle traveling south on Interstate 25 in Platte County, Wyoming.  The Wyoming Highway Patrol was notified, and officers began their pursuit of the vehicle near Cheyenne, Wyoming.  The pursuit continued into Colorado where the vehicle eventually stopped, and officers apprehended the suspect, who was later identified as Ryan Webster.

[¶5]     Mr. Webster was arrested by a Colorado State Patrol officer and taken to Fort Collins for booking.  The State of Wyoming charged Mr. Webster in Laramie County with receiving stolen property in violation of Wyo. Stat. Ann. § 6-3-403(a)(i) (LexisNexis 2015),[1] and in Hot Springs County with larceny in violation of Wyo. Stat. Ann. § 6-3-402(a)(c)(i) (LexisNexis 2015).  At the time of the Wyoming charges, Mr. Webster was being held in a Colorado prison for an unrelated crime.  The State filed detainers with the Colorado Department of Corrections, pursuant to the Interstate Agreement on Detainers (IAD), Wyo. Stat. Ann. §§ 7-15-101 through 7-15-105 (LexisNexis 2015), informing the Department that Mr. Webster was wanted on charges in Wyoming, and requesting that the Department "place a hold on [their] inmate[, Ryan Webster]."  Upon learning of the detainer, Mr. Webster requested that the Wyoming charges against him come to a final disposition in accordance with the IAD.

[¶6]     Mr. Webster was first transported to Cheyenne to face the charges brought by the State in Laramie County.  The State failed to bring Mr. Webster to trial within 180 days as required by the IAD,[2] and as a result, the Laramie County charges were dismissed.[3]  Mr. Webster was then taken to Hot Springs County to face the charges brought by the State in that venue.  Again, the State failed to bring Mr. Webster to trial within the 180-day window and the charge was dismissed with prejudice.  Mr. Webster was then transported back to Colorado.

[¶7]     The State then filed a separate charge against Mr. Webster in Hot Springs County, alleging that he bought or received stolen property in violation of Wyo. Stat. Ann. § 6-3-403(a)(i).  Mr. Webster was arrested in Colorado on December 23, 2014, in connection with that charge, and was extradited to Wyoming.  Mr. Webster moved to dismiss, arguing that the initial dismissal with prejudice in Hot Springs County applied to "all untried indictments, informations or complaints," that his right to a speedy trial was

---

[1] Mr. Webster was also charged with eluding in violation of Wyo. Stat. Ann. § 31-5-225 (LexisNexis 2015) and reckless driving in violation of Wyo. Stat. Ann. § 31-5-229 (LexisNexis 2015).  Neither of these charges is relevant to the issues presented in this appeal.

[2]             We have previously noted that Article III of Wyoming's [IAD] statutory provision is identical to the federal act in all but one respect—Article III(a) of the Wyoming statute requires final disposition "at the next term of court" after delivery of the defendant's request.  *Green v. State*, 784 P.2d 1360, 1362 (Wyo. 1989).  The federal act and the statutes of all other party states require disposition "within 180 days" after delivery of the request.  18 U.S.C. Appx.  Faced with this difference in *Green*, we applied the federal 180-day requirement.  We do so again now in order to effectuate the Act's intent to provide uniform procedures and comport our decision with controlling federal law.

*Odhinn v. State*, 2003 WY 169, ¶ 19, 82 P.3d 715, 721 (Wyo. 2003).

[3] The Laramie County District Court failed to note the dismissal was with prejudice.  Nevertheless, the parties agree and the IAD requires that a violation of the time period for bringing a detainee to trial be dismissed with prejudice.  Wyo. Stat. Ann. § 7-15-101 art. V(c) (LexisNexis 2015).

violated, and that the initial dismissals with prejudice of the Laramie County and Hot Springs County charges precluded the State from bringing the same charges again. The district court denied Mr. Webster's motion and a trial was held on May 11, 2015. At its conclusion, the jury convicted Mr. Webster, and the district court sentenced him to six to ten years in prison. Mr. Webster timely filed his notice of appeal.

## *DISCUSSION*

### *Was the State precluded from prosecuting Mr. Webster by the previous dismissal with prejudice of the same charge?*

[¶8]    Mr. Webster argues that the constitutional protection which prohibits twice placing a defendant in jeopardy for the same offense barred the State from bringing the second Hot Springs County charge. Alternatively, Mr. Webster alleges that the dismissal with prejudice of the initial Laramie County and Hot Springs County charges precluded the State from charging the same offense a second time. These questions are issues of law, which the Court reviews de novo. *Chapman v. State*, 2015 WY 15, ¶ 8, 342 P.3d 388, 391 (Wyo. 2015).

[¶9]    Mr. Webster argues that his double jeopardy protections were implicated by the second prosecution in Hot Springs County, asserting that he was twice put in jeopardy for the same offense. The State, however, contends that jeopardy never attached to the initial charges brought in either Laramie or Hot Springs counties, thus, double jeopardy does not apply. We agree with the State that Mr. Webster's constitutional rights were not implicated when the State brought the second Hot Springs County charge. "In the case of a jury trial, jeopardy attaches when a jury is empaneled[.]" *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). No jury was empaneled in either the initial Hot Springs County case or the Laramie County case. Instead, those cases were dismissed with prejudice due to violations of the IAD, a statutory provision. Because jeopardy never attached to the initial charges against Mr. Webster, his double jeopardy rights were not implicated. *Id.* at 393, 95 S.Ct. at 1065 ("[A]n accused must suffer jeopardy before he can suffer double jeopardy.").

[¶10]   However, the absence of double jeopardy does not dispose of the dismissal with prejudice. While similar, a dismissal with prejudice is a procedural rule rather than a constitutional protection. A dismissal with prejudice "bars the reprosecution of the defendant on the same charge," *United States v. Bilsky*, 664 F.2d 613, 617 (6th Cir. 1981), and has a res judicata effect on subsequent prosecutions, which requires analysis of whether the requirements of res judicata have been met. *See People v. Creek*, 447 N.E.2d 330, 333 (Ill. 1983) (holding that a dismissal with prejudice operated as res judicata on a later indictment for the same charge).

[¶11] Much like W.R.Cr.P. 48 and the constitutional protection requiring that a defendant be brought to trial in a timely manner, dismissals with prejudice and the constitutional protection against double jeopardy work in tandem, each providing protections to the defendant which are not mutually exclusive. *See Jennings v. State*, 4 P.3d 915, 921 (Wyo. 2000) (asserting that W.R.Cr.P. 48 is only part of the speedy trial question); *see also Collins v. Loisel*, 262 U.S. 426, 430, 43 S.Ct. 618, 619, 67 L.Ed. 1062 (1923) ("It is true that the Fifth Amendment, in providing against double jeopardy, was not intended to supplant the fundamental principle of res judicata in criminal cases[.]"). In other words, a finding that double jeopardy is inapplicable does not preclude a finding that a subsequent prosecution is barred by res judicata. In *United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), the United States Supreme Court held that the doctrine of res judicata is applicable to criminal cases, and determined that while it is distinct from the constitutional protections afforded in the double jeopardy clause, it can also bar multiple prosecutions for the same offense.

> It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt. It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the government's consent before a jury is empaneled . . . .
>
> . . . [A] judgment for the defendant upon the ground that the prosecution is barred goes to his liability as matter of substantive law, and one judgment that he is free as matter of substantive law is as good as another.

*Id.* at 87-88, 37 S.Ct. at 69; *see also United States v. Dionisio*, 503 F.3d 78, 85 (2d Cir. 2007) ("And the existence of res judicata or collateral estoppel does not by itself mean there was jeopardy.").

[¶12] We turn then to the question whether either of the dismissals in the initial Laramie County and the Hot Springs County charges have a res judicata effect on the charge currently being appealed. "The criteria involved in res judicata are: (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them." *CLS v. CLJ*, 693 P.2d 774, 775-76 (Wyo. 1985). It is clear that the initial Hot Springs County charge is not res judicata on the second Hot Springs County charge because Mr. Webster was charged with violations of different

4

statutory provisions, which would result in different issues in each proceeding. *Id.* However, an analysis of the initial Laramie County charge reveals a different result.

[¶13] The parties in both cases are the same. The prosecuting entity is the State of Wyoming and the defendant is Ryan Webster. While there were two different counties involved, the prosecution was carried out in the name and under the authority of the State as is required by state rule, statute, and constitution. W.R.Cr.P. 3(a) ("Prosecution of all offenses . . . shall be carried on in the name and by the authority of the State of Wyoming[.]"); Wyo. Stat. Ann. § 7-1-106(b) (LexisNexis 2015) ("All prosecutions shall be carried on in the name and by the authority of the state of Wyoming[.]"); Wyo. Const. art. 5 § 15 ("All prosecutions shall be carried on in the name and by the authority of the State of Wyoming[.]"). The subject matter or the facts of the case are the same. The charges both arose out of the same incident in which Mr. Webster stole a car and drove it across Wyoming.[4] The issues are the same, both requiring the State to prove, beyond a reasonable doubt, that Mr. Webster "[bought], receive[d], conceal[ed], or dispose[d] of property which he kn[e]w, believe[d] or ha[d] reasonable cause to believe was obtained in violation of law," and that the value of the property in question was $1,000 or more. Wyo. Stat. Ann. § 6-3-403(a)(i).[5] The capacities of the parties involved are also identical, with Mr. Webster acting to defend himself and the State acting as prosecutor. We therefore find that the dismissal with prejudice of the Laramie County charge barred the State from filing the same charge against the same defendant in Hot Springs County.

## *CONCLUSION*

[¶14] The State charged Mr. Webster with violation of Wyo. Stat. Ann. § 6-3-403(a)(i) in Laramie County for his 2012 theft of a 2006 Cadillac Escalade, which was dismissed with prejudice. The State was thus barred by res judicata from bringing the same charge again. Reversed.

---

[4] The State argues that the Laramie County charge and the Hot Springs County charge arose from distinct acts, "separated by approximately five hours and 200 miles." However, in a remarkably similar case, the United States Supreme Court held that the theft of a car and subsequent "joyriding" in that car for nine days across county lines constituted a "single offense," which was not subject to the "simple expedient of [division] into a series of temporal or spatial units." *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977).

[5] The State asserts that Mr. Webster was charged with concealing stolen property in Laramie County and receiving stolen property in Hot Springs County. However, as conceded by the State, this distinction is immaterial because "[w]hen a statute describes alternative means of committing the same offense, it will support only one conviction and one sentence even if the evidence shows that the statute was violated in both ways." *Stalcup v. State*, 2013 WY 114, ¶ 39, 311 P.3d 104, 114 (Wyo. 2013).