# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 37

APRIL TERM, A.D. 2026

April 7, 2026

BRANDON LEE WELLS,

Appellant
(Defendant),

v.

S-25-0124

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Crook County*
The Honorable James Michael Causey, Judge

*Representing Appellant:*
    Office of the State Public Defender: Brandon T. Booth, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
    Keith G. Kautz, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Kristine D. Rude, Assistant Attorney General. Argument by Ms. Rude.

*Before BOOMGAARDEN, C.J., GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH, Justice.**

[¶1]    While on probation in Crook County, Brandon Wells was arrested in Campbell County and charged with felony theft.  Pursuant to a plea agreement in Campbell County, Mr. Wells pleaded guilty in exchange for the prosecutor's recommendation of at least two but not more than three years in prison.  That plea agreement also provided the Campbell County sentence would run concurrently to "the Defendant's Crook County case."   The district court in Campbell County then sentenced Mr. Wells pursuant to the Campbell County plea agreement.

[¶2]    After Mr. Wells was sentenced for the Campbell County offense, the Crook County prosecutor petitioned to revoke Mr. Wells' probation.  At the subsequent dispositional hearing, the prosecutor did not recommend a concurrent sentence as stated in the Campbell County plea agreement, nor did he advocate for any credit for time served.  Ultimately, Mr. Wells was imprisoned again for the probation violation.

[¶3]    We are asked to determine if one county attorney can bind another county attorney in a plea agreement.  Mr. Wells asserts the Crook County prosecutor was bound by the Campbell County plea agreement and breached that agreement by not advocating for a concurrent sentence.  Because we conclude the Campbell County Attorney did not have the actual authority to bind the Crook County Attorney in the plea agreement, we affirm.

## ISSUES

[¶4]    Mr. Wells presents a single issue for review which we rephrase and bifurcate as:

> 1.    Can a plea agreement in one county bind the prosecutor in another county to make a sentencing recommendation in an entirely different case?
>
> 2.    Did the Crook County Attorney breach the Campbell County plea agreement?

## FACTS AND PROCEEDINGS

### Crook County Conviction and Probation

[¶5]    Mr. Wells was charged in Crook County on December 1, 2020, with felony theft after stealing a Chevrolet pickup truck.  In March 2021 he pleaded guilty pursuant to a plea agreement.  The district court sentenced Mr. Wells to a term of not less than forty months and not more than eighty months.  It also recognized Mr. Wells was a candidate for probation after a term of incarceration pursuant to a split sentence, gave him credit for 229 days served, and ordered he serve one year in the Crook County Detention Center.

1

[¶6]     The district court also ordered Mr. Wells be placed on probation for three years after his release.  Relevant to this appeal, the district court's sentence included a probation condition stating that Mr. Wells, would, "[l]ive a law-abiding life (not violate the laws of the United States, any State, or any political subdivision of any state)."  After serving his sentence in the Crook County Detention Center, Mr. Wells was released and placed on probation pursuant to the district court's terms and conditions.

**Campbell County Conviction and Plea Agreement**

[¶7]     While on probation, Mr. Wells was charged with felony theft in Campbell County in October 2022.  Mr. Wells later entered into a plea agreement on May 22, 2023.  In exchange for his guilty plea, the Campbell County Attorney stated he would "recommend a sentence of not less than two (2) years nor more than three (3) years imposed" for the Campbell County theft charge.  The plea agreement then stated, "[t]his sentence shall run concurrent to the Defendant's Crook County case."  The Campbell County plea agreement was signed by Mr. Wells, his counsel, and the deputy Campbell County Attorney on behalf of the State.

[¶8]     On August 31, 2023, the district court sentenced Mr. Wells to not less than two years and no more than three years in prison for the Campbell County theft.  The sentence included similar language from the plea agreement providing the Campbell County term would "run concurrent to the sentence in Crook County case DC-1682."  The district court also gave Mr. Wells 260 days credit for time served from his pre-sentence confinement.  Mr. Wells was subsequently placed in the custody of the Department of Corrections.

**Crook County Petition to Revoke Probation**

[¶9]     A week after the district court sentenced Mr. Wells for his crimes in Campbell County, the Crook County Attorney filed a petition to revoke Mr. Wells' probation in Crook County.  The Crook County Attorney asserted Mr. Wells violated his probation because he violated the condition requiring him to live a law-abiding life.  Although a warrant was issued for Mr. Wells' arrest, it was not initially executed.  Instead, the warrant simply ensured a hold on Mr. Wells such that he would be returned to Crook County after completing his Campbell County sentence.

[¶10]  While in custody, Mr. Wells exchanged letters with the district court and Crook County Attorney.  Mr. Wells expressed his confusion about the effort to revoke his probation, made multiple pro se requests for a hearing, and attempted to clarify his respective sentences.  Mr. Wells believed his Crook County matter was "closed" and that he was serving his Campbell County sentence concurrently with any remaining time from the Crook County conviction.

2

[¶11] The district court in Crook County entered an omnibus order on October 22, 2024, which responded to Mr. Wells' various filings. The omnibus order explained that the district court would not act on the petition for probation revocation until Mr. Wells completed his sentence and returned to Crook County.

## Crook County Probation Revocation

[¶12] Mr. Wells completed his Campbell County sentence on January 15, 2025, and returned to Crook County on the warrant that was issued in 2023. At the adjudicatory hearing, Mr. Wells admitted he violated his probation by committing the Campbell County theft. The parties did not present an agreement on sentencing at the dispositional hearing. Mr. Wells informed the district court about his plea agreement with the Campbell County Attorney. In discussing the commitment for the sentences to run concurrently, Mr. Wells stated the Campbell County plea agreement provided the court with the opportunity to apply "some discretionary credit for time served" towards his sentences for the probation violation. The Crook County Attorney disagreed and argued against any credit for the time served in the Campbell County case.

[¶13] The district court revoked Mr. Wells' probation, and in doing so, followed the Crook County Attorney's recommendation. The court reinstated Mr. Wells' underlying sentence for the Crook County theft of not less than forty and not more than eighty months of incarceration. It then awarded Mr. Wells 405 days of credit for the time initially served in Crook County. Mr. Wells appealed.

## Post-Sentencing Proceedings

[¶14] While this appeal was pending, Mr. Wells filed a motion for sentence reduction with the district court.[1] Mr. Wells requested that the district court reduce his sentence for violating his probation by twenty-six months. The district court granted the motion in part, and denied it in part. As a result, Mr. Wells' minimum sentence was reduced to fourteen months, but the district court retained his maximum sentence.

## STANDARD OF REVIEW

[¶15] The question of whether the State has breached a plea agreement is a question of law we review de novo. *Montano v. State*, 2019 WY 34, ¶ 13, 437 P.3d 838, 842 (Wyo. 2019) (citing *Nordwall v. State*, 2015 WY 144, ¶ 13, 361 P.3d 836, 839 (Wyo. 2015)). A plea agreement is a contract between the State and the defendant to which we apply general principles of contract law. *Id.* (citing *Mendoza v. State*, 2016 WY 31, ¶ 26, 368 P.3d 886, 895 (Wyo. 2016)).

---

[1] This Court granted Mr. Wells' motion to supplement the record with four documents associated with these post-sentencing proceedings.

[¶16]   The State argues that the county attorney statute, Wyo. Stat. Ann. § 18-3-302 (2025), precludes county attorneys from binding each other under plea agreements.  "Statutory interpretation is a question of law that we review de novo."  *Herrick v. Jackson Hole Airport Bd.*, 2019 WY 118, ¶ 17, 452 P.3d 1276, 1281 (Wyo. 2019) (quoting *Wyo. Jet Ctr., LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 11, 432 P.3d 910, 915 (Wyo. 2019)).

## DISCUSSION

### I.   Prosecutors cannot unilaterally use plea agreements to bind prosecutors in other jurisdictions.

[¶17]   We begin with the county attorney statute because the State argues county attorneys are jurisdictionally limited to working within their respective counties.  The State's reading of the relevant statute is too narrow because the statute expressly anticipates that prosecutors may need to perform their duties in other counties upon a change of venue. Nonetheless, we must conclude in this instance the Campbell County Attorney lacked the authority to bind the Crook County Attorney because the Crook County Attorney did not consent to or authorize the challenged sentencing recommendation in the Campbell County plea agreement.

#### A.   Wyoming law does not preclude county attorneys from consensually entering into binding multi-jurisdiction plea agreements.

[¶18]   As an initial matter, the State broadly argues that the Campbell County Attorney cannot bind the Crook County Attorney because a county attorney can only act on matters within their own county.  Specifically, the State asserts § 18-3-302(b) defines the authority of a county attorney "narrowly" and limits county attorneys to the "exclusive jurisdiction" of their county.

[¶19]   "When we interpret statutes, our goal is to give effect to the intent of the legislature, and we attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words in the statute." *Bird v. Lampert*, 2021 WY 11, ¶ 8, 479 P.3d 382, 384 (Wyo. 2021) (internal quotation marks and citations omitted).  "Where legislative intent is discernible a court should give effect to the most likely, most reasonable, interpretation of the statute, given its design and purpose." *Wyoming Jet Ctr.*, ¶ 12, 432 P.3d at 915 (internal quotation marks and citations omitted).  "We therefore construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection." *Wyo. Dep't of Revenue v. PacifiCorp*, 2025 WY 126, ¶ 36, 580 P.3d 491, 501 (Wyo. 2025) (citations omitted).  Neither party indicates an ambiguity exists in the applicable statutes, so we turn directly to their textual arguments. *See id.* (stating when a statute is clear and unambiguous, the Court gives effect to the plain meaning of the text).

[¶20]   Section 302(b) of the county attorney statute provides: "In any county in a judicial district in which the office of district attorney has not been created, the county and prosecuting attorney shall have the jurisdiction, responsibilities, and duties of the district attorney and of the county attorney."  Wyo. Stat. Ann. § 18-3-302(b).  Because Section 302(b) references the jurisdiction of "the district attorney," the State relies on the district attorney statute for the proposition that a county attorney's jurisdiction is exclusive to their county.  *See* Wyo. Stat. Ann. 9-1-804(a) (2025) ("… each district attorney has exclusive jurisdiction to …").

[¶21]   Specifically, the State isolates two terms from the district attorney statute — "exclusive jurisdiction" and "arising in the counties in his district" — to support the notion that attorneys operating under the duties defined in § 9-1-804(a) are only allowed to "perform the duties of a district attorney within their own counties."  The district attorney statute, in relevant part, provides:

> (a)     In addition to other duties prescribed by law, each district attorney has exclusive jurisdiction to:
>
> (i)     Act as prosecutor for the state in all felony, misdemeanor and juvenile court proceedings arising in the counties in his district, and prosecute such cases in the district courts and courts of limited jurisdiction or in other counties upon a change of venue.
>
> ***

Wyo. Stat. Ann. § 9-1-804(a)(i); *see also* § 9-1-804(a)(ii) – (vi) (describing other specified duties not relevant in this appeal).  The State's interpretation of the district attorney's jurisdiction is too narrow.  *See Wyo. Dep't of Revenue*, ¶ 36, 580 P.3d at 501 (stating this Court construes "each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection.").  While the text unquestionably anticipates the district attorney will act as the prosecutor for the State in criminal actions "arising in the counties of his district," the same statute recognizes the district attorney can still perform his or her duties in other counties "upon a change of venue."  Section 9-1-804(a)(i).

[¶22]   Section 804(a)(i) makes clear prosecutors only have the authority to pursue "all felony, misdemeanor and juvenile court proceedings arising in the counties in his district."  The administration of justice, however, occasionally warrants the appointment of a special prosecutor, the joinder or transfer of criminal cases, or the cooperation of prosecutors in different counties.  *See, e.g.,* Wyo. Stat. Ann. § 9-1-805 (2025) (substitution of a district attorney for a conflict of interest or refusal to act); Wyo. Stat. Ann. §§ 18-3-302(c), 18-2-

5

110 (2025) (authorizing a county commission to employee other attorneys); Wyo. Stat. Ann. § 1-7-102 (2025) (venue in criminal cases generally); *see also* W.R.Cr.P. 8, 20, 21, 21.1 (joinder of offenses and defenses, rules for transfer, and change of judge); Wyo. Stat. Ann. § 9-1-810 (2025) (authorizing district attorneys to request prosecutorial assistance from local county attorneys); *see also Anderson v. State*, 2014 WY 74, ¶¶ 32-33, 327 P.3d 89, 98-99 (Wyo. 2014) (discussing methods for establishing proper venue in "crime on wheels" case where the illegal conduct spanned multiple counties). In such instances, the prosecutor is either continuing a criminal prosecution that arose from their own locality in another venue or is acting as a visiting prosecutor under the invitation of another county or district attorney.

[¶23]  Here, the county attorney statute and the district attorney statute are both silent as to whether a prosecutor may enter into a joint plea agreement with another prosecutor and a criminal defendant. We find this statutory silence instructive because the principles of general contract law govern our analysis of plea agreements. *See Nuhome Invest., LLC v. Weller*, 2003 WY 171, ¶ 10, 81 P.3d 940, 945 (Wyo. 2003) (recognizing the Court's commitment to enforce the provisions of a contract as long as "the provisions are not contrary to Wyoming law, public policy, or the general interests of Wyoming's citizens."); *see also, Gibbs v. State*, 2008 WY 79, ¶ 10, 187 P.3d 862, 865 (Wyo. 2008) ("Principles of general contract law guide our analysis of the government's obligations under the [plea] agreement.").

[¶24]  This Court is generally reluctant to interfere with the freedom of contract. *See Jones v. Young*, 2025 WY 130, ¶ 25, 580 P.3d 1026, 1034 (Wyo. 2025) (stating "we do not lightly interfere with the freedom of contract …."). The State would have us suppose a prosecutor's limited jurisdiction to bring a criminal action limits the prosecutor from bargaining for and contracting with others to resolve that criminal action through a multi-jurisdiction plea agreement. That position is untenable because it unnecessarily restrains a prosecutor's and defendant's freedom of contract.

[¶25] Wyoming law does not prohibit a prosecutor from voluntarily entering into a binding plea agreement with another prosecutor and the defendant. Because the State offers no other basis for its position, we conclude that prosecutors, with the consent of defendants, may voluntarily enter into multi-jurisdiction plea agreements with other prosecutors. This, however, does not end our inquiry because in this case there was no agreement between prosecutors related to Mr. Wells' plea agreement and, as described below, the Campbell County Attorney did not have the authority to bind the Crook County Attorney.

6

**B.** **The Campbell County Attorney did not have actual authority to bind the Crook County Attorney in the plea agreement.**

[¶26]  Mr. Wells argues the Campbell County Attorney had agency to execute a plea agreement that was binding on the Crook County Attorney because the County Attorney is an agent of the State.  The State disputes this, arguing criminal prosecutions are only brought in the name of the State because district and county attorneys are not individual parties to criminal actions.

[¶27]  "A plea agreement is a contract between the State and a defendant that requires the application of general principles of contract law." *Aisenbrey v. State*, 2024 WY 131, ¶ 14, 560 P.3d 283, 286 (Wyo. 2024) (citing *Montano*, ¶ 13, 437 P.3d at 842).  "Whether an agency relationship exists and the scope of the agent's authority are questions of fact." *Peterson v. Meritain Health, Inc.*, 2022 WY 54, ¶ 33, 508 P.3d 696, 708 (Wyo. 2022) (quoting *Hamilton v. Natrona Cnty. Educ. Ass'n*, 901 P.2d 381, 386 (Wyo. 1995)) (citation omitted).  However, when evidence creating a question of fact is not presented, the determinations can be made as a matter of law. *Id.*

[¶28]  Mr. Wells' agency theory is a legal argument.  He relies on Wyo. Stat. Ann. § 7-1-106(b) (2025) for the position that all criminal prosecutions are in the name of the same sovereign — the State of Wyoming.  Because all prosecutions are in the name of the State, Mr. Wells maintains its agent, the Campbell County Attorney, has the authority to bind the State in plea agreements.  Therefore, Mr. Wells asserts that anything the Campbell County Attorney agrees to in the plea agreement is enforceable as it may pertain to criminal proceedings in other counties.

[¶29]  The relevant provision recognizes, "[a]ll prosecutions shall be carried on in the name and by the authority of the state of Wyoming and shall conclude 'against the peace and dignity of the state of Wyoming.'"  Section 7-1-106(b).  The Court has examined this statute on multiple occasions, and we have generally concluded it supports the notion of a single sovereign for procedural determinations. *See Crebs v. State*, 2020 WY 136, ¶¶ 23-26, 474 P.3d 1136, 1143-45 (Wyo. 2020) (discussing § 7-1-106(b) in the context of determining when the speedy trial clock begins); *Webster v. State*, 2016 WY 76, ¶ 13, 376 P.3d 488, 492-93 (Wyo. 2016) (citing § 7-1-106(b) in res judicata case as a basis for determining whether the parties were in identity).  While the text of this statute confirms criminal prosecutions are brought under the same sovereign, it does not speak to whether a county attorney can bind another in completely different criminal proceedings.

[¶30]  Mr. Wells' same sovereign theory is a non sequitur and would require this Court to assume that sharing the same  principle (the State) is sufficient to give the Campbell County Attorney agency to bind his counterpart.  Absent a statute providing otherwise, the manifestation of consent is an essential element of an agency relationship. *True v. Hi-Plains Elevator Mach., Inc.*, 577 P.2d 991, 999 (Wyo. 1978) (citing Restatement of the Law

7

2d, Agency, § 1 (1957)); *see also Redco Const. v. Profile Properties, LLC*, 2012 WY 24, ¶ 38, 271 P.3d 408, 418-19 (Wyo. 2012) (recognizing agency is created "when one party is empowered or given legal authority to act on the other's behalf."). The question presented, at its core, requires us to determine whether the Campbell County Attorney had agency to enter into a plea agreement for the Crook County crimes.

[¶31]   Agency "results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and consent." *Austin v. Kaness*, 950 P.2d 561, 564 (Wyo. 1997) (citation omitted).  There is no presumption that agency exists. *Id.*; *see also, True*, 577 P.2d at 997 (same).   Typically, there are two forms of agency relationship — actual and apparent. *Ohio Cas. Ins. Co. v. W.N. McMurry Const. Co.*, 2010 WY 57, ¶ 39, 230 P.3d 312, 326 (Wyo. 2010).

[¶32]   The Campbell County Attorney did not have actual authority to bind his colleague. The Crook County Attorney was not a party to the Campbell County plea agreement and there is no evidence to suggest the Crook County Attorney gave the Campbell County Attorney consent to enter into a plea agreement for the Crook County offenses.  *See Ohio Cas. Ins. Co.*, ¶ 39, 230 P.3d at 326 (recognizing express actual authority exists when an agent has written or oral permission to bind the other).  The Campbell County Attorney also lacked implied actual authority to bind the Crook County Attorney because there is no suggestion the dealings to secure the plea agreement involved the Crook County Attorney. *See id.* (stating implied actual authority is established through the course of dealings between the parties and the surrounding circumstances).

[¶33]   Mr. Wells cannot enforce the terms of the plea agreement related to his Crook County crimes because the Crook County Attorney did not consent to or authorize the Campbell County Attorney to resolve the Crook County matter.  A defendant who seeks specifically to enforce a promise contained in a plea agreement must show the promisor had actual authority to make the particular promise. *United States v. Lilly*, 810 F.3d 1205, 1211 (10th Cir. 2016) (quoting *United States v. Flemmi*, 225 F.3d 78, 84 (1st Cir. 2000)) (citation modified).  We hold the Campbell County Attorney lacked the authority to bind the Crook County Attorney in the plea agreement.

## II.     The Crook County Attorney could not have breached the plea agreement.

[¶34]   We need not address Mr. Wells' argument that the Crook County Attorney violated the terms of the plea agreement by revoking Mr. Wells' probation and not advocating for a concurrent sentence. The Crook County Attorney was not a party to the Campbell County plea agreement, and therefore, could not breach the plea agreement. *See, e.g., Peterson*, ¶ 22, 508 P.3d at 705 (stating "[i]t is well-settled that a non-party to a contract cannot be sued for breach of that contract.") (citations omitted).

8

## CONCLUSION

[¶35]  Prosecutors are responsible for criminal proceedings arising from their respective jurisdictions.  But Wyoming law does not prohibit prosecutors from cooperating across county lines.  Rather, the relevant statutes anticipate occasions when county attorneys may need to perform their duties in another venue.  Prosecutors are also permitted to cooperate in criminal prosecutions.  However, if a defendant seeks to enforce a plea agreement for crimes in multiple jurisdictions, each prosecutor must authorize or consent to the agreement.  That did not occur here.

[¶36]  Affirmed.