**Buddy ALEXANDER, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 91-47.**

Supreme Court of Wyoming.

Jan. 13, 1992.

Wyoming Public Defender Program; Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, David J. Young, Student Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Jennifer L. Gimbel, Senior Asst. Atty. Gen., D. Michael Pauling, Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Roger E. Cockerille, Student Intern, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

THOMAS, Justice.

The only question presented in this case is whether a defendant in a criminal case is entitled to obtain by *subpoena* all the records of any prior probation supervision of the defendant as well as all notes taken by the probation agent who prepared the presentence report. The trial court denied the demand of Buddy Alexander (Alexander), which was presented to it in the form of a *subpoena duces tecum.* We agree with this ruling by the trial court, and we affirm Alexander's judgment and sentence.

Alexander submits this single issue in his brief:

"Whether appellant and appellant's counsel are entitled to review any of the underlying factual information that was used in drafting the presentence investigation report by appellant's probation officer?"

The State of Wyoming, in answering, presents these two issues in its Brief of Appellee:

"I. At sentencing, is a defendant entitled to examine all existing records of the Department of Probation and Parole which pertain to him and all notes made to assist in preparation of the presentence investigation report?

"II. Did refusal by the trial court to permit appellant at sentencing to examine all probation and parole records which pertained to him or were used in

preparation of his presentence report constitute such an abuse of discretion, or manifest such prejudice and unfairness to appellant, as to invalidate the sentence imposed by the court?"

Alexander was charged with burglary in violation of Section 6–3–301(a) and (b), W.S. 1977 (June 1988 Repl.).[1] At arraignment, on August 10, 1990, Alexander entered a plea of not guilty but, on September 14, 1990, he changed his plea to guilty to the charge of burglary in a plea agreement pursuant to which two other pending felony charges were dismissed. The burglary charge arose from events that took place in Casper during the late night hours of June 9, 1990 and continued into the early morning hours of June 10, 1990. Alexander needed some oil for his car and, in order to meet that need, he entered a garage and stole two quarts of motor oil. After stealing the motor oil, Alexander and some companions broke into approximately ten automobiles, stealing various items that they found in the cars. Later on, the group was stopped by officers of the police department in Mills. Alexander was driving and, after giving consent to search his vehicle, various stolen items were found in it.

On October 4, 1990, the trial court ordered a presentence investigation, and the report was filed on December 5, 1990. On December 13, 1990, two *subpoenas duces tecum* were secured by Alexander. One was directed to Probation and Parole Agent Janeice Lynch and the other was directed to Probation and Parole Supervisor John Hunsicker. The *subpoenas duces tecum* were substantially identical and commanded the production of notes and various reports. Specifically, the *subpoena duces tecum* addressed to Probation and Parole Agent Lynch stated:

"Further, you are required to bring with you all chronologicals, cooperative case reports, monthly reports, chronological diaries, notes, memoranda and any and all other probation and parole documentation regarding BUDDY WAYNE ALEXANDER, d.o.b. 12–23–66, taken or prepared by Janeice M. Lynch, or any other probation and parole officer or employee, during the probation supervision of said BUDDY WAYNE ALEXANDER by the Wyoming Department of Probation and Parole by reason of an interstate probation transfer from the State of Arkansas which probation expired in October/November, 1990; and additionally, all notes taken by JANEICE LYNCH during and after the presentence investigation interview of said BUDDY WAYNE ALEXANDER by Janeice Lynch which in any way, directly or indirectly, relate to the presentence investigation report prepared by Janeice Lynch in Criminal Action No. 11174 in the District Court of the Seventh Judicial District, State of Wyoming."

At the sentencing hearing that was held on December 28, 1990, counsel for Alexander requested that he be allowed to review the documents produced by the Probation and Parole officers pursuant to the *subpoena duces tecum* issued to each of them. Counsel for the State resisted the disclosure of the documents, asserting a statutory privilege that prohibited the disclosure. The district court granted a protective order against disclosure of the reports, but Alexander was permitted to examine the probation officers with respect to any areas of dispute over the information in the presentence report. Alexander called Probation and Parole Agent Lynch to the witness stand and examined her in detail with respect to the statements that were included in the presentence report that she had prepared.

At the close of the sentencing hearing, the district court imposed a sentence upon Alexander of a term of not less than one

---

**1.** Section 6–3–301(a) and (b), W.S.1977 (June 1988 Repl.), provides, in pertinent part:
  "(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.

"(b) Except as provided in subsection (c) of this section, burglary is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000), or both."

nor more than two years in the Wyoming State Penitentiary, but it suspended execution of that sentence on condition that he serve forty-six days in the Natrona County Jail together with three years of unsupervised probation. Alexander has appealed from that judgment and sentence.

■ This is a case of first impression in Wyoming. Alexander argues that he was entitled to review all of the records of any prior probation supervision as well as the notes that were taken by the Probation and Parole agent who prepared the presentence report. Alexander relies upon state and federal cases to support his position. His argument, however, is hinged upon his claim that, pursuant to Section 7–13–409, W.S.1977 (June 1987 Repl.), he is entitled to all information and data obtained by Probation and Parole agents. That statutory provision states:

> "All information and data obtained in the discharge of official duties by probation and parole agents is privileged information and shall not be disclosed directly or indirectly to anyone other than to the judge or to others entitled to receive reports unless and until otherwise ordered by the judge, board or institution."

The State, in opposition to Alexander's position, argues that, under Wyoming law, Alexander is entitled to be informed of all the material contained in the presentence report as well as all other material that came to the attention of the court relating to sentencing consideration, but nothing more. We accept the position of the State with which we agree.

Alexander has no right to the requested documents and reports pursuant to Section 7–13–409. Pursuant to that statute, the information he demanded is privileged and can be disclosed only "to the judge or to *others entitled to receive reports* unless and until otherwise ordered by judge, board or institution [emphasis added]." In the circumstances of this case, the statute vests discretion in the judge with respect to disclosure, unless Alexander is one of those "others entitled to receive reports."

■ In asserting that he is entitled to receive the presentence report, Alexander relies on Rule 33(c), W.R.Cr.P. Rule 33(c)(2), W.R.Cr.P., provides, in pertinent part:

> "* * * The court, before imposing sentence, shall disclose to the defendant or his counsel all of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon."

Alexander's reliance on Rule 33(c) is inapt because that rule does not support a right for him to have the background material that is summarized in the report. The rule does nothing more than provide that the defendant or his counsel is entitled to the material contained in the report and that an opportunity then must be afforded to comment on it. The rule does not require more. It does provide that once the presentence investigation is completed, a report is made to "the court" before sentencing or the granting of probation, unless the court directs otherwise. Rule 33(c)(1), W.R.Cr.P. Nowhere does the rule state that the report is to be made to or furnished to the defendant or his counsel. Once the court receives the report, the court is required to disclose to the defendant and to the state the content of the report, but no provision is made with respect to any supporting documentation. Rule 33(c)(2), W.R.Cr.P. The practice in most of our district courts is to accomplish the requirement that the material contained in the report be disclosed to the defendant by furnishing a copy of the report, however, the rule does not require that a copy of the report be furnished.

■ At the sentencing hearing, when the district court denied disclosure of the privileged matter and granted a protective order, it stated:

> "* * * The question is whether the work product behind that report is available to the Defendant. In my view, the Defendant is out on probation at the sufferance of the Court, and in aid to that, the Court enlists, through statutory authorization, the help of the State Probation and Parole. I think it would be a danger-

ous precedent to open up the work product that goes behind that report."

We agree with the proposition articulated by the district court and find that it is consistent with our cases.

There is no question that the reason to require the disclosure of the information contained in the presentence report is to insure to the defendant and his counsel the opportunity, to which the defendant is entitled, to comment upon the material in the report. Rule 33(c)(2), W.R.Cr.P.; *United States v. Satterfield*, 743 F.2d 827 (11th Cir.1984), *cert. denied* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985); *Griebel v. State*, 763 P.2d 475 (Wyo.1988). The policy for this provision of the rule is to assure the defendant that he is being sentenced on accurate information, and it also guarantees that the defendant will be given a meaningful opportunity to rebut or explain the information in the presentence report, whether or not it is accurate. *Griebel*.

In *Griebel*, this court held that Rule 33(c)(2) imposes an obligation upon the sentencing court to disclose the information in the presentence report, which includes all sentencing data that reaches the court, regardless of when prepared, by whom and how conveyed. In that case, the trial court had viewed a videotape made of the defendants while they were in police custody. We ruled that it was reversible error for the court to fail to disclose that information to the defendants. The videotape was not part of the presentence report, but we said:

"* * * Under these circumstances, it was the responsibility of the court to make a record concerning disclosure of the tape in the same way that it made a record of disclosure of the presentence report." *Griebel*, 763 P.2d at 478.

*Griebel* does not address the situation of information that is not known to the court and does not require access to such information. It requires only that the defendant be apprised of all sentencing information which has come to the attention of the court. In this case, the material requested by Alexander in the *subpoena duces tecum* was not information that was before the court. Agent Lynch had relied upon the material from an Arkansas report to compile her presentence investigation report, but the Arkansas report was not presented to the sentencing court for consideration. The only material the court had was that set forth in the report of the presentence investigation.

Two federal decisions that address this issue provide some guidance. In *United States v. George*, 778 F.2d 556 (10th Cir. 1985), the court ruled that a form entitled "U.S. Probation Officer's Parole Guideline Worksheet" was subject to disclosure to the defendant. The guideline worksheet was included in the presentence investigation report and, therefore, was information known to the court. The appellate court held that since the guideline worksheet was included in the presentence report, Rule 32(c)(3)(A), F.R.Cr.P.,[2] made it subject to disclosure to the defendant. The court noted that Rule 32(c)(3)(A) did not exclude from disclosure any of the information on the guideline worksheet.

In *United States v. Curran*, 926 F.2d 59 (1st Cir.1991), letters written by victims were sent to the sentencing judge, read by him and, subsequently, considered in connection with sentencing. The court held that whenever a sentencing court considers

---

2. Rule 32(c)(3)(A), F.R.Cr.P., is similar to Rule 33(c)(2), W.R.Cr.P., and provides:

"At least 10 days before imposing sentence, unless this minimum period is waived by the defendant, the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation, including the information required by subdivision (c)(2) but not including any final recommendation as to sentence, and not to the extent that in the opinion of the court the report contains diagnostic opinions, which if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."

documents outside of the presentence report, it should either make it clear that the document is not being used for its factual content or it must disclose to the defendant as much of the document as the court has relied upon, in a timely manner, and should afford the defendant the opportunity to examine and challenge it. Rule 32(c)(3)(A), F.R.Cr.P., was not invoked nor applicable because the letters were not part of the presentence report. *Curran. Cf. Coletti v. State*, 769 P.2d 361 (Wyo.1989) (holding that letter read by judge did not require reversal and remand for resentencing where the court stated on the record that the letter was quashed and he would not consider it in sentencing). In this case, Alexander sought the production of documents, records, files, and notes that never were considered by the sentencing court.

Alexander also argues that he was not allowed to rebut the information that went into the preparation of the presentence investigation report. This argument is not accurate. At the same time that the trial judge issued its protective order, the judge ruled that Alexander could examine the probation officer who wrote the report as to any areas of dispute. Counsel for Alexander then conducted an extensive examination of Agent Lynch and also conducted a short redirect examination in the course of the sentencing hearing. That examination included such things as confirmation of the information Agent Lynch had from the previous supervised probation transfer from the state of Arkansas, specifically, family background, prior substance abuse and past criminal history; the fact that Agent Lynch had reviewed Alexander's file at the district attorney's office; and questioning in depth and detail pertaining to Alexander's work history, prior criminal violations, drug and substance abuse both before and during his probationary periods. This ruling by the trial court gave Alexander ample opportunity to rebut the material contained in the presentence report.

■ We hold that Alexander, and any other defendant in a criminal case, is not entitled to the privileged information that Alexander sought by virtue of Rule 33,

W.R.Cr.P., or pursuant to Section 7–13–409, W.S.1977. We agree with the State that the purpose of the statute is to restrict disclosure of information and data in the possession of probation and parole agents, thus permitting interviewees to express themselves fully without fear of disclosure or reprisal. That is an important public policy and worthy of protection.

In a number of cases, this court has stated the approach to be taken with respect to sentence review. The standard that is invoked is that a sentence will not be disturbed as a violation of due process of law unless the defendant can show (1) an abuse of discretion, (2) procedural conduct prejudicial to him; and (3) either circumstances which manifest inherent unfairness and injustice, or some conduct that offends the public sense of fair play. *Johnson v. State*, 790 P.2d 231 (Wyo.1990); *Coletti*, 769 P.2d 361; *Martin v. State*, 720 P.2d 894 (Wyo.1986). Our definition of an abuse of discretion simply is that "a court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Martin*, 720 P.2d at 896, citing *Martinez v. State*, 611 P.2d 831 (Wyo.1980).

■ We hold in this case that the trial court did not abuse its discretion when it denied production of the information sought in the *subpoena duces tecum*. Alexander has failed to demonstrate any prejudice because of the action of the trial court in this case. In fact, it is not entirely clear, from the record or from Alexander's brief, what specific information he was trying to contest or correct. Alexander's explanation of the reason for requesting production of this information is that the presentence investigation report consistently refers to a prior probation in conclusional terms, and the underlying factual basis for those conclusions was "highly relevant." Alexander fails to show or argue the specific relevance of that information. Absent some such explanation, it is difficult, if not impossible, for Alexander to demonstrate prejudice. Furthermore, Alexander has failed to show any inherent unfairness and

injustice, or conduct that offends the public sense of fair play.

In summary, a criminal defendant has no right to examine the files and records of the Department of Probation and Parole in connection with a sentencing hearing. The defendant is entitled to a disclosure of all of the material contained in the report and any other information that is known to the trial court with respect to sentencing. The district court committed no error in denying Alexander access to the documents listed in his *subpoena duces tecum.* Alexander received a copy of the presentence report, and he was given full opportunity to challenge or rebut any information contained therein.

The ruling of the trial court with respect to this issue was correct, and the judgment and sentence is affirmed.