**Bruce Edward ROACH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 94–255.**

Supreme Court of Wyoming.

Sept. 1, 1995.

Sylvia Lee Hackl, State Public Defender, Deborah Cornia, Appellate Counsel, and Diane M. Lozano, Assistant Public Defender, for appellant.

William U. Hill, Attorney General, D. Michael Pauling, Senior Assistant Attorney General, and Patrick M. Anderson, Assistant Attorney General, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Bruce Roach appeals from the district court's order which revoked his probation and reimposed his sentence.

We affirm.

## ISSUE

Appellant presents one issue for our review:

Did the trial court abuse its discretion when it denied Appellant access to information used as the basis for a petition to revoke Appellant's probation under Wyoming Statutes Section 7–13–409, disclosure of information and data?

## FACTS

The district court suspended Appellant's jail sentence and placed him on supervised probation for a period of five years after he pleaded guilty to burglary. On June 30, 1994, Appellee State of Wyoming filed a petition, requesting that the district court revoke Appellant's probation. An affidavit signed by the probation agent who was assigned to Appellant's case was attached to the petition. The probation agent averred that Appellant had violated several conditions of his probation.

Appellant directed a subpoena duces tecum to the probation office, seeking records and notes collected by that office which pertained to his adherence to his probation conditions. In that subpoena, Appellant requested that the probation office release "[a]ll records of t[e]lephone and p[e]rsonal contacts with the defendant; records and reports from New Hope [and] Central Wyoming Counseling Cent[e]r; all alcohol drug screening test[s] and results; employment records; travel requests; file notes; and all other records pertaining specifically to the probation supervision of the defendant." The probation office filed a motion to quash the subpoena, and Appellant did not respond to that motion. The district court quashed the subpoena.

The district court held a hearing on October 5, 1994, to consider whether Appellant's probation should be revoked. At that hearing, Appellant stated that he had presented a request for discovery to the State in which he was apparently seeking to obtain the information identified in the subpoena and that the State had not complied with his request. Appellant moved to dismiss the petition on the grounds that the probation office had failed to provide the requested information.

The district court denied his motion. At the conclusion of the hearing, the district court, finding that Appellant had materially violated the conditions of his probation, revoked his probation and reimposed his original sentence. This appeal followed.

## DISCUSSION

Appellant contends that the district court abused its discretion by denying him access to the information which was being used as a basis for the petition to revoke his probation. The district court relied on WYO.STAT. § 7–13–409 (1995) in quashing Appellant's subpoena. Section 7–13–409 provides:

All information and data obtained in the discharge of official duties by probation and parole agents is privileged information and shall not be disclosed directly or indirectly to anyone other than to the judge, the department or to others entitled to receive reports unless and until otherwise ordered by the judge, board or department.

Appellant argues that the district court erred by quashing his subpoena because he was entitled under the statute to receive the reports. This Court rejected a similar argument which was offered by the defendant in *Alexander v. State*, 823 P.2d 1198 (Wyo. 1992). We held in that case that "Alexander, and any other defendant in a criminal case, is not entitled to the privileged information" under § 7–13–409. 823 P.2d at 1203. We stated that a district court may, in its discretion, decide whether to compel the release of such privileged information to a criminal defendant. 823 P.2d at 1201.

■ In this case, the probation office moved to quash the subpoena, and Appellant did not respond to the motion or otherwise defend his request for the information. Appellant did not request that the district court conduct an *in camera* review of the information to determine whether it was, in fact, material to his defense. Under the circumstances presented in this case, we cannot say that the district court abused its discretion when it quashed the subpoena.

■ Appellant also suggests that the State should have provided the information from

his probation file to him pursuant to his discovery request under W.R.Cr.P. 16. We do not agree. Appellant could not circumvent the statutory privilege by demanding that the information be given to him pursuant to W.R.Cr.P. 16. *See Fullmer v. Wyoming Employment Security Commission,* 858 P.2d 1122 (Wyo.1993) (statutes take precedence over rules of procedure).

 Appellant has failed to demonstrate that he was prejudiced by the district court's decision to quash the subpoena. The State did not introduce any of the requested documents as evidence against Appellant in the probation revocation proceeding; therefore, the district court did not have the documents before it when it made its decision. *See Alexander,* 823 P.2d at 1202–03.

The probation agent testified at the hearing that Appellant had violated his probation conditions, and Appellant, in fact, admitted that he had violated those conditions. Appellant had an ample opportunity to cross-examine the probation agent as well as to present his own case. Appellant has, therefore, failed to show that he was subjected to "any inherent unfairness and injustice, or conduct that offends the public sense of fair play." 823 P.2d at 1203–04.

## CONCLUSION

We hold that the district court did not abuse its discretion when it denied Appellant's request for access to the information in his probation file. The district court's order which revoked Appellant's probation and reimposed his sentence is

Affirmed.