**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTOPHER COUNTS,

              Petitioner - Appellant,

v.

EDDIE WILSON, Wyoming
Department of Corrections State
Penitentiary Warden; TODD
MARTIN, Wyoming Department of
Corrections State Penitentiary Deputy
Warden; VICKI SMITH, Wyoming
Department of Corrections State
Penitentiary Manager, in both their
official and individual capacities,

              Respondents - Appellees.

No. 14-8028
(D.C. No. 2:13-CV-00169-SWS)
(D. Wyoming)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

       Petitioner and Appellant, Christopher Counts, a state prisoner proceeding

*pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the

district court's dismissal of his action, which the court construed as a petition for

_____

      [*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a writ of habeas corpus under 28 U.S.C. § 2241. Having concluded that he fails to meet the standards for issuance of a COA, we deny Mr. Counts' request for a COA and dismiss this matter.

Mr. Counts is currently incarcerated at the Wyoming State Penitentiary serving a three to nine year sentence, as well as a concurrent two to nine year sentence. After he completes those sentences, Mr. Counts will serve two concurrent life sentences for aggravated burglary and kidnaping.

Following an investigation into an inmate assault which occurred on March 12, 2013, Mr. Counts was charged with one count of predatory major assault (MJ13P) and one count of predatory major assault-conspiracy (MJ13P).[1] Penitentiary officials conducted a disciplinary hearing on April 23, 2013, and found Mr. Counts not guilty of both violations. Deputy Warden Todd Martin subsequently remanded the matter for rehearing because Corporal Elizizi, the officer who had performed the investigation into the assault incident, had misunderstood a question he was asked during the hearing and the answer he gave was the reason Mr. Counts was found not guilty.

On remand, an alternate hearing officer, Unit Manager Vicki Smith, was appointed to consider the case. A second disciplinary hearing was conducted on

---

[1]The district court determined that "[a] MJ13P violation is defined as '[a]ny willful use of force or violence that causes serious physical injury to another either with or without a weapon, or through the use of any substance, instrument, or device which can cause serious physical injury.'" Order Granting Respondents' Mot. for Summ. J. at 2 n.2 (quoting ECF No. 19-5) (hereafter "Order").

May 6, 2013, at which Mr. Counts pled not guilty and requested three witnesses: Warden Eddie Wilson, Inmate Bernard (the victim of the assault) and Inmate Ostert (the other inmate involved in the assault incident). The hearing officer declined to permit all three of Mr. Counts' witnesses to appear and/or testify.[2] Mr. Counts asserts the hearing officer refused to call the Warden because he does not have to appear at disciplinary hearings and the inmates because they implicated a security risk.

Unit Manager Smith ultimately found Mr. Counts not guilty of the assault but guilty of the conspiracy to assault. Mr. Counts was given sixty days of administrative segregation, of which he had already served fifty-five days. He appealed the disciplinary conviction to Warden Wilson, claiming his due process

---

[2]The district court stated as follows regarding this second disciplinary hearing:

> The Disciplinary Hearing Record apparently conflicts with the audio recording regarding Petitioner's requested witnesses. Petitioner asserts he requested Warden Wilson and Inmates Bernard and Ostert, but the Hearing Record indicates he requested Wilson, Ostert and Sgt. Goodman. Respondents represent that the audio recording confirms Petitioner's account. Further conflict exists regarding the reasons for excluding the witnesses, as the Hearing Record simply indicates Ostert was excluded because of the inmates' "segregated status." Again, Respondents represent that the audio recording of the hearing provides the hearing officer's stated reasons. Because a copy of the audio recording is not in the record, the Court, in considering the motion for summary judgment, will accept Petitioner's assertions for the reasons given for denial of the witnesses he requested.

Order at 3 n.4 (record citations omitted). We accept the district court's representations and decision in this regard.

-3-

rights were violated by the appointment of a hearing officer who was "not a neutral individual" and by the denial of his requested witnesses. On June 4, 2013, Warden Wilson denied Mr. Counts' appeal and upheld the hearing officer's decision.

On August 23, 2013, Deputy Warden Martin reduced Mr. Counts' conviction from MJ13P to MJ13, which resulted in the withholding of good time allowances for a three-month period, rather than a twelve-month period. See Order at 4 n.5. As a result of the MJ13 conviction, when the Records Manager completed the quarterly good time review for all inmates, in accordance with the Department of Corrections' "Good Time Policy and Procedure," Mr. Counts lost the ability to earn good time credits for three months.

Mr. Counts filed the instant action, initially characterizing it as a civil rights complaint under 42 U.S.C. § 1983. Because he was challenging the execution of his sentence, the district court construed it as a habeas petition under 28 U.S.C. § 2241. Mr. Counts argued his due process rights in connection with the disciplinary hearing were violated in two ways: (1) the rehearing was conducted by a non-neutral individual (i.e., Unit Manager Vicki Smith), who was also involved in Mr. Counts' administrative segregation hearing in April of 2013; and (2) he was not permitted to call the witnesses he requested. Mr. Counts claims the due process violations resulted in his receiving segregation time and in the loss of his good time credits. He asked the district court to award him

monetary damages, grant him declaratory and injunctive relief, and provide him with a trial by a jury with representation by counsel.  Respondents moved for summary judgment, arguing Mr. Counts was not entitled to any habeas corpus relief.  The district court granted relief to the Respondents, granting their motion for summary judgment.  The court held as follows:

> Petitioner Counts raises a claim of violation of due process relating to his disciplinary proceeding which resulted in segregation time and the loss of his ability to earn good time credit. Although defined more narrowly, the due process guarantee in the Fourteenth Amendment to the United States Constitution applies to prison inmates.  Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005).  However, due process protections apply only when a person is deprived of a liberty or property interest.  See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994).  Although not expressly stated in his pleadings, it appears Petitioner is alleging the deprivation of a liberty interest by the segregation time and loss of good time credit.  A liberty interest may arise from the Constitution itself or from an expectation or interest created by state law or policies.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  "[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison."  Wolff v. McDonnell, 418 U.S. 539, 557 (1974).  Likewise, "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed."  Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996) (quoting Sandin v. Conner, 515 U.S. 472, 480 (1995)).
>
> States may under certain circumstances, through statutes or prison regulations, create liberty interests which are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."  Id. at 485.  The Court finds Petitioner's disciplinary segregation did not implicate a protected liberty interest triggering due process protections.  See Penrod, 94

-5-

F.3d at 1407 (dismissing plaintiff's due process claim as meritless because prison regulations allowing placement in administrative segregation did not create liberty interest).

Order at 6-7; R. Vol. 1 at 237-38.

After concluding that neither Wyoming law nor prison policies and procedures created a liberty interest in good time credits, the court declared that Mr. Counts "could have no legitimate expectation in or entitlement to any amount of good time credit." Order at 8; R. Vol. 1 at 239. See Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006) (finding no liberty interest implicated where good time credits are discretionarily awarded); Hallmark v. Johnson, 118 F.3d 1073, 1079-80 (5th Cir. 1997) (finding inmates have no protected liberty interest in the restoration of good time credits revoked for disciplinary infractions where state law provides that such credits are a privilege not a right and awarded at the discretion of correctional authorities). Because Mr. Counts had not shown a liberty interest was implicated in this case, the court found no due process violation and accordingly denied habeas relief. The court granted the Respondents' motion for summary judgment and denied as moot all other motions. The court then denied Mr. Counts a COA.

Mr. Counts request a COA from this court to enable him to appeal the district court's order. We decline.

A state prisoner must obtain a COA before pursuing a habeas petition. Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); 28 U.S.C.

-6-

§ 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which is accomplished when an applicant shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

As indicated, the district court thoroughly explained why Mr. Counts' petition fails. No reasonable jurist could dispute the propriety of that analysis and conclusion.

For the foregoing reasons, we DENY Mr. Counts a COA and DISMISS this matter. We also DENY his request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge