**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SCOTT A. SOLLIS,

　　Petitioner - Appellant,

v.

TRAVIS TRANI, Warden,

　　Respondent - Appellee.

No. 16-1241
(D.C. No. 1:16-CV-00904-LTB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

Defendant-Appellant Scott A. Sollis, a state inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's dismissal of his Application for a Writ of Habeas Corpus ("Application") made pursuant to 28 U.S.C. § 2241. We deny Mr. Sollis's request for a COA and dismiss his appeal because he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

State prisoners seeking to appeal the denial of relief under § 2241 must obtain a COA. Montez v. McKinna, 208 F.3d 862, 868–69 (10th Cir. 2000). To obtain a COA, Mr. Sollis must demonstrate "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

On appeal, Mr. Sollis argues that the Colorado Department of Corrections ("CDOC") deprived him of liberty in violation of the Fourteenth Amendment's Due Process Clause by not correctly applying his good-time credits, and by not providing him with adequate legal assistance. The district court concluded that because, under Colorado law, the award of good time credits is discretionary, Mr. Sollis did not have a constitutionally protected liberty interest in those credits. It further determined that even if Mr. Sollis were to prevail on this claim, he would not be entitled to immediate release, thus, he could not establish a Due Process violation. As for the claim for inadequate legal assistance, the district court concluded that the claim was not properly brought in a § 2241 proceeding.

The district court's conclusions are not reasonably debatable for the following reasons. Receiving good-time credits is not a recognized liberty interest under federal law. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Counts v. Wilson, 573 F. App'x 754, 757 (10th Cir. 2014). A state can create a liberty interest in receiving good-time credits if it includes mandatory language in its parole statute, Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987), but Colorado has not done so. In Colorado, the

- 2 -

award of good-time credits is discretionary, Colo. Rev. Stat. Ann. § 17-22.5-301(3), meaning the CDOC did not deprive Mr. Sollis of a liberty interest. See Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006).

Mr. Sollis would not be entitled to release even if CDOC applied his good-time credits because good-time credits are used to determine parole eligibility, not time served. Jones v. Martinez, 799 P.2d 385, 387–88 (Colo. 1990) ("[W]hen . . . good time and earned time credits equal or exceed the sentence imposed, [an inmate] is not entitled to unconditional release, but rather has earned the right to be considered for parole."). Thus, Mr. Sollis's claim for relief under § 2241 would fail regardless of whether receiving good-time credits qualified as a liberty interest. Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005) (explaining that habeas corpus relief is appropriate "when the remedy requested would result in the prisoner's immediate or speedier release from that confinement").

Mr. Sollis also argues that CDOC violated his due process rights because the law librarian did not provide him with complete information about the good-time statutes. As the district court recognized, a challenge to conditions of confinement should be made under 42 U.S.C. § 1983 rather than a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

We DENY Mr. Sollis's request for a COA, DENY his motion for IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge