# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 8

OCTOBER TERM, A.D. 2016

January 30, 2017

BRUCE B. WILLIAMS,

Appellant
(Plaintiff),

v.

S-16-0161

TERRILL R. THARP, as Circuit Court Judge,

Appellee
(Defendant).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

   *Pro se.*

*Representing Appellee:*

   *Peter K. Michael, Attorney General; Ryan T. Schelhaas, Deputy Attorney General; Mackenzie Williams, Senior Assistant Attorney General; Jonathan C. Coppom, Assistant Attorney General.*

*Before BURKE, C.J., and HILL, DAVIS, and KAUTZ, JJ., and LAVERY, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**LAVERY, District Judge.**

[¶1]    Mr. Williams asked the Circuit Court for the Sixth Judicial District for a copy of part of a presentence investigation report in a criminal case.  The circuit court denied his request.  He brought a petition for a writ of mandamus asking the district court to require that the circuit court release the records.  The district court dismissed the case.  He appeals, claiming a constitutional right as a member of the public to access these records.  Because he did not present his constitutional arguments to the district court, we affirm.

*ISSUES*

[¶2]    Mr. Williams states the issue on appeal as follows verbatim:

> 1.    Has the 6th Judicial District and the Circuit Court for Campbell County violated my rights to:
>
>> (1)   The U.S. Constitutions First Amendment right to free speech and Wyoming's Article 1, Section 20. "Freedom of speech and press; libel; truth a defense." and/or
>>
>> (2)   The U.S. Constitutions Sixth Amendment right to criminals having a ". . . *public* trial"? (Emphasis mine) and/or
>>
>> (3)   The Wyoming State Constitution Article 1, Section 8. "Courts open to all; suits against state." By denying me a copy of the presentence report in Criminal Case No. 6949 State Of Wyoming vs Rhoda R. Steel because they claim the information was gathered during a presentence report by the Wyoming Department of Probation and Parole?

The circuit court restates the same issue and raises two additional issues:

> I.    An appellant generally cannot raise an argument for the first time on appeal.  Bruce Williams did not raise a Sixth Amendment argument at the district court.  Should this Court consider his argument now?
>
> II.    The First Amendment to the United States Constitution grants the public a right to a court document if the document has historically been public and public access to the document

1

would play a significant positive role in the document's function. Presentencing reports have always been private, which permits witnesses and others to be free from fear of disclosure or reprisal. Does Williams have a First Amendment right to privileged third-party medical information in a presentencing report?

III. A writ of mandamus cannot control judicial discretion, and Wyoming law vests the sentencing judge with discretion as to whether to order release of information in a presentencing report. Judge Tharp declined to release privileged third-party medical information in a presentencing report, and Williams petitioned the district court for a writ of mandamus to force Judge Tharp to order its release. Did the district court correctly dismiss Williams' petition?

## FACTS

[¶3] Mr. Williams writes an online periodical. He was mistakenly allowed to view a medical evaluation contained in a presentence investigation report in a criminal case file and sought permission to copy the report. The circuit court denied his request, citing Wyo. Stat. Ann. § 7-13-409:

> All information and data obtained in the discharge of official duties by probation and parole agents is privileged information and shall not be disclosed directly or indirectly to anyone other than to the judge, the department or to others entitled to receive reports unless and until otherwise ordered by the judge, board or department.

Wyo. Stat. Ann. § 7-13-409 (LexisNexis 2015). He filed a petition for a writ of mandamus asking the district court to order the circuit court to provide him all documents about the defendant's medical condition at the time of the car accident that was the subject of the criminal case.

[¶4] The circuit court filed a motion to dismiss arguing mandamus is not an available remedy to control an official's discretion and Wyo. Stat. Ann. § 7-13-409 gives the court discretion to release information from a presentence report.[1] Mr. Williams responded

---

[1] The motion also raised defects in the form of the petition. Wyo. Stat. Ann. § 1-30-103 requires that the "application for a writ [of mandamus] must be by petition, *in the name of the state, on the relation of the*

that the statute does not give a judge discretion. The circuit court replied that Wyoming precedent establishes a court has discretion whether to release information from a presentence report, citing *Roach v. State*, 901 P.2d 1135, 1136 (Wyo. 1995) (citing *Alexander v. State*, 823 P.2d 1198, 1201 (Wyo. 1992)). Mr. Williams, without leave of court, filed a surresponse contending the circuit court abused its discretion.

[¶5]    The district court granted the motion to dismiss. The district court's order does not contain legal analysis but does state it was granted "[g]iven the posture of this matter as discussed at the hearing … pursuant to Rule 12(b)(6), W.R.C.P." Mr. Williams failed to provide a transcript of the hearing or a statement of proceedings in compliance with W.R.A.P. 3.03.

## STANDARD OF REVIEW

[¶6]    We review issues of constitutional law *de novo*. *Cheyenne Newspapers, Inc. v. First Judicial Dist. Court*, 2015 WY 113, ¶ 6, 358 P.3d 493, 495 (Wyo. 2015); *Circuit Court of Eighth Judicial Dist. v. Lee Newspapers*, 2014 WY 101, ¶ 9, 332 P.3d 523, 527 (Wyo. 2014). A decision to dismiss a case is also reviewed *de novo*. *Williams v. City of Gillette*, 2011 WY 6, ¶ 5, 245 P.3d 362, 364 (Wyo. 2011).

> When claims are dismissed under W.R.C.P. 12(b)(6), this court accepts the facts stated in the complaint as true and views them in the light most favorable to the plaintiff. Such a dismissal will be sustained only when it is certain from the face of the complaint that the plaintiff cannot assert any facts that would entitle him to relief. Dismissal is a drastic remedy and is sparingly granted; nevertheless, we will sustain a W.R.C.P. 12(b)(6) dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any set of facts that would entitle that plaintiff to relief.

*Bonnie M. Quinn Revocable Trust v. SRW, Inc.*, 2004 WY 65, ¶ 8, 91 P.3d 146, 148 (Wyo. 2004) (citations omitted).

## DISCUSSION

[¶7]    Mr. Williams argues that all presentence investigation documents should be

---

*party applying* and *verified by affidavit*." (Emphasis added.) Mr. Williams' petition did not comply with these requirements. Mr. Williams requested leave to correct any defects in the form of his petition. The circuit court did not offer a written response to this request. The record does not contain a ruling from the district court on this request.

released to the public, subject to redaction of personally identifiable information if someone providing information is the subject of a verifiable threat. He contends courts should be required to make written findings to justify declining to release any part of a presentence investigation report. He would exempt juvenile court cases and any other types of "sensitive" cases, though he does not explain what he means by this, from this proposed legal rule. To support that position, he cites the First Amendment right of access to judicial documents and the Sixth Amendment right to a public trial along with Article I, § 8 and Article I, § 20 of the Wyoming Constitution.[2] He submits these issues are "interlocked." Next, he offers an analysis of the First Amendment "test of experience and logic," discussing *Lee Newspapers*, *supra*, and *Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986). He argues that criminal proceedings are generally presumed open unless a court makes findings to justify closed proceedings. He generally contends that public access to a presentence report allows members of the public to make their own assessment of the culpability of a defendant, the appropriateness of a plea agreement, and the worthiness of the prosecutor and judge to hold office.

[¶8] Ordinarily, we would apply the test of experience and logic to determine whether the First Amendment (or related constitutional provisions) supersedes statutory discretion over the release of presentencing information. We will not do so here because Mr. Williams did not raise these arguments with the district court.

[¶9] Courts make some allowances for *pro se* litigants, but neither this Court nor the district court is obligated to frame the issues for the parties or consider issues not supported by cogent argument and citation to legal authority. *State, ex rel., Wyo. Dep't of Workforce Servs. v. Beazer*, 2016 WY 111, ¶ 17, 384 P.3d 267, 273 (Wyo. 2016); *Bird v. Wyoming Bd. of Parole*, 2016 WY 100, ¶ 2, 382 P.3d 56, 60 (Wyo. 2016); *Peak v. Peak*, 2016 WY 109, ¶ 11, 383 P.3d 1084, 1088 (Wyo. 2016). Mr. Williams presented the district court with a gripe, unaccompanied by cogent legal analysis (emphasis in original):

> And I believe our Wyoming State Constitution guarantees
> each and every one of us equal political rights (to know the

---

[2] Article I, § 8 provides: "All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct."

Article I, § 20 provides: "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right; and in all trials for libel, both civil and criminal, the truth, when published with good intent and [for] justifiable ends, shall be a sufficient defense, the jury having the right to determine the facts and the law, under direction of the court."

job performance of our elected officials), and the right of a free press, including the RIGHT TO KNOW ALL PERTINENT INFORMATION.

[¶10]   We strongly adhere to "[o]ur general rule … that we will not consider issues not raised in the court below." *Rock Springs Land & Timber, Inc. v. Lore*, 2003 WY 100, ¶ 35, 75 P.3d 614, 627 (Wyo. 2003) (quoting *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1208 (Wyo. 2000)).  We have said:

> This court has taken a dim view of a litigant trying a case on one theory and appealing it on another.  Further, we will not consider for the first time on appeal an issue neither raised nor argued to the trial court.  *Thatcher & Sons v. Norwest Bank Casper*, 750 P.2d 1324, 1328 (Wyo. 1988).  Parties are bound by the theories which they advanced below.

*WW Enterprises, Inc. v. City of Cheyenne*, 956 P.2d 353, 356 (Wyo. 1998) (quoting *Epple v. Clark*, 804 P.2d 678, 681 (Wyo. 1991)).  We have repeatedly stated that "it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." *Belden v. Lampert*, 2011 WY 83, ¶ 11, 251 P.3d 325, 328–29 (Wyo. 2011) (quoting *Erwin v. State*, 2010 WY 117, ¶ 15, 237 P.3d 409, 414 (Wyo. 2010)); *Hronek v. Saint Joseph's Children's Home*, 866 P.2d 1305, 1309 (Wyo. 1994); *Bredthauer v. TSP*, 864 P.2d 442, 446–47 (Wyo. 1993).

[¶11]   There are two exceptions: when the issue is jurisdictional or so fundamental that it must be considered.  *Cooper*, 1 P.3d at 1208.  The issues in this case are not of such a fundamental nature that they must be addressed.  *Id*. (citing *WW Enterprises, Inc.*, 956 P.2d at 356 (substantive due process claim not raised below and not considered on appeal)).

[¶12] Mr. Williams' talismanic invocations of the Wyoming Constitution and "free press" were not sufficient to raise any of his constitutional arguments below.  We will not consider them now.

[¶13]   Affirmed.