# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 11

OCTOBER TERM, A.D. 2020

January 22, 2021

CHESTER LOYDE BIRD,

Appellant
(Plaintiff),

v.

ROBERT O. LAMPERT, in his official
capacity as Director of the Wyoming
Department of Corrections,

Appellee
(Defendant).

S-20-0149

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
Chester Loyde Bird, pro se.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Samuel Williams, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]  Chester Loyde Bird is serving concurrent life sentences for crimes he committed in the 1990s.  Mr. Bird filed a *pro se* complaint under the Uniform Declaratory Judgments Act, alleging that the Wyoming Department of Corrections (WDOC) inmate classification policies are rules, and because those rules were not filed with the Secretary of State, they are invalid.  Therefore, he claims his recent inmate classification is void.  The district court dismissed his complaint.  We affirm.

## ISSUE

[¶2]  Is the WDOC's inmate classification policy a rule required to be filed with the Secretary of State?

## FACTS

[¶3]  In 1994, Mr. Bird pled guilty to kidnapping and first-degree sexual assault.  He was adjudicated a habitual criminal and was sentenced to serve two concurrent life sentences.  *Bird v. State*, 901 P.2d 1123, 1125, 1128 (Wyo. 1995); *see also Bird v. Lampert*, 2019 WY 56, 441 P.3d 850 (Wyo. 2019).

[¶4]  This matter began in January 2020, when Mr. Bird filed a Complaint for Declaratory Judgment.  He alleged that at his recent annual inmate reclassification, he scored "minimum custody" but, because he was subject to a "custody classification override," he was classified as "medium custody."  This classification caused him to be ineligible for minimum security housing in facilities such as the Wyoming Honor Farm or the Honor Conservation Camp.

[¶5]  WDOC Policy and Procedure #4.101[1] (Policy 4.101), which governs inmate classifications, was not filed with the Wyoming Secretary of State.  Mr. Bird alleged that WDOC policies and procedures are "rules" and that Wyo. Stat. Ann. § 25-1-105(a) requires rules to be filed with the Secretary of State.  He claimed the failure to file the WDOC policies and procedures with the Secretary of State renders them, and any actions taken pursuant to them, void.  Mr. Bird sought declarations that the WDOC policies and procedures are unenforceable and that actions taken pursuant to those policies and procedures "affecting [him] in a negative manner" are "null and void."  He also sought an injunction prohibiting the WDOC from applying its policies and procedures to him.  The defendant, WDOC Director Robert Lampert, filed a motion to dismiss under W.R.C.P. 12(b)(6) for failure to state a claim.  He argued that WDOC's policies and procedures are

---

[1] Wyoming Department of Corrections, *Policy and Procedure #4.101, Inmate Classification* (Sept. 26, 2019).

not "rules" as defined by the Wyoming Administrative Procedure Act. He also argued, even if the policies and procedures are "rules," the failure to file them with the Secretary of State does not render them void. The district court granted Mr. Lampert's motion to dismiss, ruling that the WDOC policies and procedures are not rules and therefore, were not required to be filed. Mr. Bird appeals.

## *DISCUSSION*

### I. *Is the WDOC's inmate classification policy a rule required to be filed with the Secretary of State?*

[¶6] The district court held that Policy 4.101 concerns only the internal management of the institutions under WDOC. It does not affect the public and is not the equivalent of prescribing law. Therefore, it is exempt from the statutory definition of "rule." The court concluded that, because Policy 4.101 is not a rule, it is not invalid even though it was not filed with the Secretary of State. Mr. Bird argues that the district court was "clearly wrong" and that WDOC policies and procedures are "rules and regulations" under the express provisions of Wyo. Stat. Ann. § 16-3-101(b)(ix) and therefore must be filed with the Secretary of State to be effective.[2]

### A. Standard of Review

[¶7] A district court's dismissal of a complaint for failing to state a claim under W.R.C.P. 12(b)(6) is reviewed de novo. *Whitham v. Feller*, 2018 WY 43, ¶ 13, 415 P.3d 1264, 1267 (Wyo. 2018). This Court applies the same standards and examines the same materials as the district court. *Bextel v. Fork Rd. LLC*, 2020 WY 134, ¶ 11, 474 P.3d 625, 628–29 (Wyo. 2020) (citing *Dockter v. Lozano*, 2020 WY 119, ¶ 6, 472 P.3d 362, 364 (Wyo. 2020)). "We accept the facts alleged in the complaint as true and view them in the light most favorable to [Mr. Bird,] the nonmoving part[y]." *Id.* "Dismissal is appropriate if it is certain from the face of the complaint that [Mr. Bird] cannot assert any fact that would entitle [him] to relief." *Id.* Likewise, statutory construction is a question of law, subject to de novo review. *Wyoming Guardianship Corp. v. Wyoming State Hosp.*, 2018 WY 114, ¶ 7, 428 P.3d 424, 429 (Wyo. 2018).

[¶8] "When we interpret statutes, our goal is to give effect to the intent of the legislature, and we 'attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.'" *Matter of Adoption of MAJB*, 2020 WY 157, ¶ 15, 478 P.3d 196, 201 (Wyo. 2020) (quoting *Wyoming Jet Ctr.,*

---

[2] For the first time on appeal, Mr. Bird extends his argument beyond Policy 4.101 to other specific WDOC policies and procedures. Generally, we will not consider issues not raised below and we decline to do so here. *See Williams v. Tharp*, 2017 WY 8, ¶¶ 10–11, 388 P.3d 513, 517 (Wyo. 2017).

*LLC v. Jackson Hole Airport Bd.*, 2019 WY 6, ¶ 12, 432 P.3d 910, 915 (Wyo. 2019)). "Where legislative intent is discernible a court should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.'" *Wyoming Jet Ctr.*, ¶ 12, 432 P.3d at 915 (quoting *PacifiCorp, Inc. v. Dep't of Revenue, State*, 2017 WY 106, ¶ 10, 401 P.3d 905, 908 (Wyo. 2017) (quoting *Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015))).

> We therefore construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection. To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. We presume that the legislature has acted in a thoughtful and rational manner with full knowledge of existing law, and that it intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence. When the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction.

*MAJB*, ¶ 15, 478 P.3d at 201 (quoting *PacifiCorp*, ¶ 10, 401 P.3d at 908–09 (quoting *Nicodemus v. Lampert*, 2014 WY 135, ¶ 13, 336 P.3d 671, 674 (Wyo. 2014))).

## B.    Analysis

[¶9]    Mr. Bird argues that this Court has already determined Policy 4.101 is a rule that must be filed according to Wyo. Stat. Ann. § 25-1-105. He cites *Cosco v. Lampert*, 2010 WY 52, ¶ 11, 229 P.3d 962, 967 (Wyo. 2010) in support of this argument. In *Cosco*, an inmate claimed that under the WDOC grievance process the WDOC staff had wrongfully deprived him of property. *Cosco*, ¶ 3, 229 P.3d at 964. In its discussion, the Court addressed Mr. Cosco's use of the grievance process and said that grievance procedures "are the sort of rules and regulations contemplated by § 25-1-105 and the final result of an inmate grievance is not a matter that may be *appealed* to the courts." *Id.* ¶ 11, 229 P.3d at 967.

[¶10] Wyo. Stat. Ann. § 25-1-105 sets forth the powers of the WDOC. Subsection (a) provides:

> The department of corrections shall adopt rules and regulations necessary to carry out its functions. The promulgation of substantive rules by the department, the conduct of its **hearings and its final decisions** are

3

specifically exempt from all provisions of the Wyoming Administrative Procedure Act including the provisions for judicial review under W.S. 16-3-144 and 16-3-115. The department's rules shall be filed in the office of the secretary of state.

Wyo. Stat. Ann. § 25-1-105(a) (LexisNexis 2019) (emphasis added).

[¶11] The *Cosco* discussion specifically applies to the exemption of WDOC "hearings and its final decisions" from judicial review. The question of whether the grievance procedure is a rule or whether the inmate classification policy is a rule as defined by Wyo. Stat. Ann. § 16-3-101(b)(ix)(A) was not before the *Cosco* Court and was not addressed by the opinion. Mr. Bird's reliance on *Cosco* is misplaced.

[¶12] Wyo. Stat. Ann. § 25-1-105 exempts the WDOC's promulgation of substantive rules from the Administrative Procedure Act and requires that WDOC rules be filed with the Secretary of State. It does not, however, define substantive rules. In ascertaining the meaning of a given law, we consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously. *MAJB*, ¶ 15, 478 P.3d at 201 (quoting *PacifiCorp*, ¶ 10, 401 P.3d at 908–09 (quoting *Nicodemus*, ¶ 13, 336 P.3d at 674)). The Wyoming Administrative Procedure Act's definition of a rule and its exemptions are instructive in determining the meaning of a substantive rule as used in Wyo. Stat. Ann. § 25-1-105. Wyo. Stat. Ann. § 16-3-101(b)(ix) defines a "rule" as a "statement of general applicability that implements, interprets and prescribes law, policy or ordinances of cities and towns, or describes the organization, procedures, or practice requirements of any agency."[3] Wyo. Stat. Ann. § 16-3-101(b)(ix). The statute then lists eight exclusions to the definition of a rule.

---

[3] Wyo. Stat. Ann. § 16-3-101(b)(ix) provides:
> (ix) "Rule" means each agency statement of general applicability that implements, interprets and prescribes law, policy or ordinances of cities and towns, or describes the organization, procedures, or practice requirements of any agency. The term includes the amendment or repeal of a prior rule, but does not include:
>> (A) Statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public; or
>> (B) Rulings issued pursuant to W.S. 16-3-106; or
>> (C) Intraagency memoranda; or
>> (D) Agency decisions and findings in contested cases; or
>> (E) Rules concerning the use of public roads or facilities which are indicated to the public by means of signs and signals; or
>> (F) Ordinances of cities and towns; or
>> (G) Designations under W.S. 9-2-1022(h)(i); or

[¶13] Policy 4.101 provides "guidelines for carrying out inmate classification in [WDOC] correctional facilities." The policy "specifies the objectives of the classification system and methods for achieving them, and provides a monitoring and evaluation mechanism to determine whether the objectives are being met." Policy 4.101(I)(A). While on its face it meets the preliminary definition of a rule, the determinative inquiry is whether Policy 4.101 falls under one of the eight listed exclusions. Applicable here is the first of these. "Statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public" are excluded from the definition of a rule. Wyo. Stat. Ann. § 16-3-101(b)(ix)(A). To determine whether Policy 4.101 falls under this exclusion, we examine its conjunctive parts: 1) internal management; and 2) no effect on private rights or procedures available to the public.

### 1. Internal Management

[¶14] Policy 4.101 establishes procedures, guidelines and criteria for WDOC staff to evaluate inmate classifications to ensure the safety and security of inmates and WDOC facilities. *See* WDOC Policy 4.101(III)(A). These are matters of internal management. *See, e.g.*, Wyo. Stat. Ann. § 7-13-420(b) (stating that rules adopted by the governor regarding good time allowances "shall at all times be considered rules relating to the internal management of state penal institutions"); *Mares v. Fed. Bureau of Prisons*, 401 F. Supp. 2d 775, 778 (S.D. Tex. 2005) (program-termination decision is exempt from the notice and comment requirement as a general statement of policy); *Green v. Nadeau*, 70 P.3d 574, 577 (Colo. App. 2003) ("The supervision and management of the internal procedures of correctional institutions are within the discretion of institutional officials and not subject to judicial scrutiny absent exceptional circumstances."). Policy 4.101 addresses internal management of WDOC.

### 2. No Effect on Private Rights or Procedures Available to the Public

[¶15] Policy 4.101's objective is "to provide for the impartial objective assessment of risk, categorization, and efficient management of every inmate in the system."[4] Policy 4.101(IV)(A). The policy does not give an inmate any right to a specific classification. Indeed, the Tenth Circuit has held that "[c]hanging an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *see also Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (no

---

(H) A general permit.
Wyo. Stat. Ann. § 16-3-101(b)(ix)(A)–(H) (LexisNexis 2019).
[4] The policy limits review to "whether there was substantial compliance with agency standards and procedures in handling the inmate classification" and "whether the resulting classification decision is in compliance with the classification plan." WDOC Policy 4.101(IV)(L)(5) & (M)(5).

liberty interest in transfer from low to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Counts v. Wilson*, 573 F. App'x 754, 757 (10th Cir. 2014) ("neither Wyoming law nor prison policies and procedures created a liberty interest in good time credits"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification"); *Hankins v. Miller*, No. 94-1590, 1995 WL 539737, at *1 (10th Cir. Sept. 12, 1995) (defendant had no liberty interest in prison classification). Mr. Bird has no private right to any classification.

[¶16] Policy 4.101 is not a "procedure[] available to the public." "Public" is defined as "[*adj.*] 1. Of, relating to, or involving an entire community, state, or country. 2. Open or available for all to use, share, or enjoy." and "[*n.*] 1. The people of a country or community as a whole." "2. A place open or visible to the public." *Public*, *Black's Law Dictionary* (11th ed. 2019). Policy 4.101 applies exclusively to inmates in facilities WDOC manages. Inmates have been removed from the public to serve their sentences of incarceration. *See Pell v. Procunier*, 417 U.S. 817, 822–23, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974) (recognizing distinction between "prison inmates and members of the general public beyond the prison walls" and that isolation of criminal offenders from society is a deterrent to criminal conduct); *Whitfield v. State*, 781 P.2d 913, 918 (Wyo. 1989) (public safety is a justification for prison sentence).

[¶17] Policy 4.101 relates to internal management and does not affect private rights or procedures available to the public. It is excluded from the Administrative Procedure Act's definition of a rule. Wyo. Stat. Ann. § 16-3-101(b)(ix)(A). Because Policy 4.101 is not a rule, WDOC was not required to file it with the Secretary of State's office. Wyo. Stat. Ann. § 25-1-105.

[¶18] Mr. Bird has failed to state a claim upon which relief can be granted. The district court's dismissal under W.R.C.P. 12(b) is affirmed.

6